FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 29, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON J. U.,<br><br>                    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | NO. 1:25-CV-3169-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties cross-motions for summary judgment (ECF Nos. 12, 13).  Plaintiff represented by Thomas Bothwell.  Defendant is represented by L. Jamala Edwards.  This matter was submitted for consideration without oral argument.   The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 12) is **GRANTED** and Defendant's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

*Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## ALJ'S FINDINGS

On May 4, 2023, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging an onset date of March 27, 2023.  Tr. 17.  The application was denied initially, Tr. 74-83, and on reconsideration, Tr. 84-92.  Plaintiff appeared at a telephonic hearing before an administrative law judge ("ALJ") on February 4, 2025.  Tr. 32-73.  On March 28, 2025, the ALJ denied Plaintiff's claim.  Tr. 17-27.

As a threshold matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2028.  Tr. 19.  At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 27, 2023, the alleged onset date.  *Id.* At step two, the ALJ found Plaintiff had the following severe impairments: amyloid light-chain amyloidosis with gastrointestinal, soft tissue, and renal involvement; and lambda plasma cell dyscrasia.  *Id.*  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 21.  The ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

then found Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] cannot climb ladders, ropes, or scaffolds.  The claimant can occasionally climb ramps and stairs, stoop, balance, kneel, crouch, and crawl.  The claimant can tolerate only occasional exposure to vibration, hazards such as exposed heights and moving mechanical parts, and atmospheric conditions such as noxious odors, fumes, dusts, mists, gases, and poor ventilation.

Tr. 22.

At step four, the ALJ found Plaintiff was not capable of performing any past relevant work.  Tr. 25.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as electrical assembler, merchandise marker, and housekeeper.  Tr. 25-26.  The ALJ concluded Plaintiff was not under a disability as defined in the Social Security Act, from March 27, 2023, the alleged onset date, through March 28, 2025, the date of the ALJ's decision.  Tr. 26.

On August 4, 2025, the Appeals Council denied review, Tr. 1-4, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* C.F.R. §§ 404.981, 422.210.

//

//

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ erred in evaluating the medical opinion evidence;

2. Whether the ALJ erred in evaluating for a closed period of disability benefits;

3. Whether the ALJ erred in evaluating Plaintiff's subjective symptom testimony; and

4. Whether the ALJ erred at step five of the sequential evaluation process.

ECF No. 12 at 6-16.

## DISCUSSION

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in rejecting the opinion of Plaintiff's treating hematological oncologist, Andrew Cowan, M.D.

As Plaintiff's alleged onset date is March 27, 2023, the new regulations for how an ALJ must evaluate medical opinion evidence under Title II is controlling. *See* 20 C.F.R. § 404.1520c (governing medical opinion evidence under Title II); Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017), available at 2017 WL 168819.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

Under the new regulations, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a)-(b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include; supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding," including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)-(5).

The ALJ is required to explain how the two most important factors, supportability and consistency, were considered.  20 C.F.R. § 404.1520c(b)(2). These factors are defined as follows:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(2).  However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered.  20 C.F.R. §§ 404.1520c(b)(2).

These regulations displace the Ninth Circuit's standard that require an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).

*a. Dr. Andrew Cowan, M.D.*

Dr. Cowan is Plaintiff's treating hematological oncologist.  Dr. Cowan wrote a letter dated October 13, 2023, stating that Plaintiff was receiving treatment for his Renal AL Amyloidosis (HCC) every twenty-eight days at the Fred Hutchinson Cancer Center.  Tr. 928.  Dr. Cowan noted that Plaintiff's ability to perform daily activities had been compromised by the illness, the treatment, and its side effects.  *Id.*  He further stated that with Plaintiff's "physical limitations and residual effects of cancer, Mr. Underhill is in a position where it is essential for him to have his social security benefits."  *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

Dr. Cowan also submitted a questionnaire from November 13, 2024, opining that Plaintiff would need to take three breaks a day during any eight-hour work day, would be absent from full-time employment two to three times per month as a result of his impairments, and would be off task more than twenty percent of the time due to his symptoms. Tr. 1385.

The ALJ found Dr. Cowan's questionnaire unpersuasive because it was "not consistent with the record throughout the relevant period. The record shows remission. This opinion is not supported by citation to treatment notes or symptoms." Tr. 24 (citing Tr. 1380, 1385). The ALJ also rejected Dr. Cowan's letter because it was not an opinion, but a statement with no functional limitations. The ALJ concluded "[t]he determination as to whether the claimant should have disability benefits is reserved to the Commissioner." Tr. 24-25.

The ALJ also reviewed the opinion of Dr. Bradley Stephan, the initial administrative medical consultant. Tr. 24. After reviewing the evidence of the record, Dr. Stephan opined that Plaintiff was capable of a light RFC. Tr. 77. The ALJ found this opinion persuasive because the "findings are supported by citation to the claimant's AL amyloidosis. The findings are also consistent with the record, including the claimant's low likelihood of disease progression and his discharge from the renal clinic." Tr. 24 (citing Tr. 79, 1380).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

Plaintiff argues that the ALJ failed to acknowledge that Dr. Cowan has been Plaintiff's treating physician for three years and had personally examined Plaintiff many times. ECF No. 12 at 7. Plaintiff further argues that the ALJ failed to acknowledge Dr. Stephan's medical specialty as a cosmetic aesthetic surgeon compared to Dr. Cowan's specialization in hematology and oncology. *Id.*

Under the new regulations, ALJs no longer "defer or give any specific evidentiary weight" to any medical opinions. 20 C.F.R. § 416.920c(a). "An ALJ may discuss other factors, such as the medical source's 'relationship with the claimant' or 'specialization,' but generally has no obligation to do so." *Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024) (citing 20 C.F.R. § 416.920c(b)(2)). The ALJ's failure to mention Dr. Cowan's treating relationship with Plaintiff or his specialty as compared to Dr. Stephan's was not error.

Plaintiff also argues that Dr. Cowan's questionnaire opinion is supported by hundreds of pages of records detailing the treatment of Plaintiff's condition. ECF No. 12 at 8. Plaintiff then cites to all these treatment records, totaling nearly six hundred pages, without identifying any particular records that support Dr. Cowan's opinion. Many of these records appear to be lab results with no accompanying explanation that relates to Plaintiff's symptoms or functional limitations. *See, e.g.*, Tr. 615-661, 982-1025. The Court will not scour six hundred pages of the record to look for evidence that supports Dr. Cowan's opined functional limitations. In

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

fact, a cursory scan reveals repeated notations that Plaintiff was generally feeling well and denying major side effects during his treatment.  Tr. , 936, 955, 1105, 1108, 1119, 1272.  The ALJ did err in the supportability finding.  *See Kitchen v. Kijakazi*, 82 F.4th 732, 740-41 (9th Cir. 2023) (explaining an ALJ may discount "a medical opinion set forth in a checkbox form with little to no explanation").

The ALJ also found Dr. Cowan's questionnaire to be inconsistent with the record because the record showed Plaintiff went into remission.  Tr. 24 (citing Tr. 1380).  The cited record from September 25, 2024 notes that Plaintiff had complete renal remission after completing the six months of planned therapy, "with only a 0-4% risk of progression" to end-stage renal disease at three years.  Tr. 1380.  During the same visit, Plaintiff was also reported as "continuing to do very well without any acute complications, health issues or hospitalizations."  Tr. 1377.  The Court finds the ALJ adequately addressed the supportability and consistency factors in discounting Dr. Cowan's opinion that was supported by substantial evidence.

The Court also concludes the ALJ adequately discounted Dr. Cowan's letter due to the absence of any asserted functional limitations.  *See Darden v. Saul*, No. 19-35696, 2021 WL 1329036, at *1 (9th Cir. Apr. 9, 2021) ("Lack of specificity regarding functional limitations is a specific and legitimate reason to discount an opinion.").

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

**B. Closed Period of Disability**

Plaintiff argues that even if the evidence supports a finding that Plaintiff is not currently disabled, the ALJ should have approved a closed period of disability from March 27, 2023, the alleged onset date, to September 2024, when Plaintiff was noted to be in full remission. ECF No. 12 at 9. Plaintiff does not cite to any evidence in support of his argument that Plaintiff was disabled during this period other than noting that he had been diagnosed with cervical lymphadenopathy and multiple myeloma with severe abdominal pain by March 27, 2023. *Id.* Nor does Plaintiff point to any requirements that the ALJ make a finding related to a possible closed period of disability when evaluating an open period of disability claim. His citation to *Chelsea B. v. Bisignano*, No. 4:25-CV-5013-EFS, 2025 WL 2419615 (E.D. Wash. Aug. 21, 2025) is unavailing as the plaintiff there amended her claims to a closed period of disability at the hearing before the ALJ. *Id.* at *1. Plaintiff did not do so here.

Moreover, as Plaintiff's now claimed closed period of disability is contained within the alleged disability period, the ALJ's denial of Plaintiff's claim was an implicit denial of any disability during the closed period. *See Saul v. Colvin*, Case No. CV-14-01305-PHX-JZB, 2015 WL 5693541, at *4 (D. Ariz. Sept. 29, 2015) ("Because the closed period is contained within the period of time explicitly

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

identified by the ALJ, the ALJ implicitly denied Plaintiff's disability during the closed period.").

The ALJ did not err in implicitly denying a closed period of disability.

**C. Subjective Symptom Testimony**

Plaintiff argues the ALJ erred in rejecting his symptom testimony. ECF No. 12 at 10-13.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that [the claimant's] impairment 'could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-*8; 20 C.F.R. § 404.1529(c). The ALJ is instructed to "consider all of the evidence in an

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 22.

### a. Record of Treatment

The ALJ noted that Plaintiff was diagnosed with amyloidosis in 2023, and began DARA-VCD treatment in May 2023. Tr. 23. The ALJ concluded that based on Plaintiff's treatment history, Plaintiff "can tolerate only occasional exposure to vibration, hazards such as exposed heights and moving mechanical parts, and atmospheric conditions such as noxious odors, fumes, dusts, mists, gases, and poor ventilation." *Id.* The ALJ then summarized other evidence of the record that the ALJ found to be consistent with the RFC. Tr. 23. The ALJ noted that in February 2024, Plaintiff's reported ECOG status was zero, meaning he was fully active and able to carry on all pre-disease performance without restriction. *Id.* (citing Tr. 1107). Additionally, Plaintiff had a steady gate, full range of motion in his upper and lower extremities, and intact sensation. *Id.* (citing Tr. 1107). The ALJ concluded that these findings were consistent with exertional requirements of light work.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

The ALJ also concluded Plaintiff's testimony as to ongoing and significant fatigue was not fully consistent with the record.  Tr. 23.  The ALJ cited to the following records in support.  A record from August 2023 noted that after four cycles of treatment, Plaintiff had some fatigue "but this could be from his psychiatry."  Tr. 971.  In October 2023, Plaintiff reported that his fatigue and insomnia were stable.  Tr. 936.  In March 2023, Plaintiff was diagnosed with pneumonia but still only reported "some fatigue."  Tr. 1267.  In January 2024, Plaintiff noted continuing fatigue, but "not a great deal" and he "fe[lt] like he [was] getting 'back to normal.' "  Tr. 1112.  In February 2024, Plaintiff reported his fatigue and insomnia to be stable.  Tr. 1105.  And in May 2024, Plaintiff reported that he had mild fatigue that was episodic.  Tr. 1343.  The ALJ reasoned that the record overall "notes a fatigue that was mild and episodic."  Tr. 23.  The ALJ concluded that "while this symptom supports the light exertional limitation, it does not support greater limitations."  *Id.*

b.  *Daily Activities*

The ALJ also reasoned that Plaintiff's reported activities undermined his claimed severity of symptoms including fatigue.  The ALJ pointed to a record where Plaintiff reported going hiking in July 2024 (Tr. 1405) and records from August 2024 where Plaintiff stated he enjoyed riding his motorcycle.  Tr. 1408, 1586, 1505.  The ALJ concluded that "[t]his activity is consistent with the sitting

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

and postural provisions of the residual functional capacity." Tr. 23. Next, the ALJ noted that Plaintiff was able to go on a cruise in Alaska with his family in 2024 which "shows that he can sit, stand, and walk within the above limits." Tr. 23 (citing Tr. 1455). Finally, the ALJ reasoned that Plaintiff was independent in self-care and able to prepare meals and do household chores. Tr. 23 (citing Tr. 1428, 276). The ALJ concluded that these activities to be "consistent with light lifting and carrying." Tr. 24.

Plaintiff argues that the ALJ failed to identify what part of Plaintiff's testimony was not credible and why. ECF No. 12 at 11. However, the ALJ specifically noted that Plaintiff's testimony as to the severity of his fatigue was not credible. Tr. 23. Plaintiff argues that records do not indicate an improvement in fatigue, only that it was "stable." ECF No. 12 at 13. However, Plaintiff testified during the hearing that he was "significantly fatigued chronically almost every day[.]" Tr. 67. The records cited to by the ALJ indicating generally more mild and episodic fatigue undermine Plaintiff's alleged severity of his fatigue. Moreover, Plaintiff does not point to any records where Plaintiff reported significant fatigue but only relies on his hearing testimony.

Plaintiff also argues that evidence of a stable gait or full range of motion in his extremities is not probative as to whether Plaintiff can stand/walk six out of eight hours a day. ECF No. 12 at 13. However, the ALJ also relied on Plaintiff's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

ECOG rating of zero in February 2024 and Plaintiff's activities in concluding Plaintiff could stand and walk within the RFC's limits.  Tr. 23.  Plaintiff again does not cite to any records contradicting the ALJ's findings or that are consistent with Plaintiff's symptom testimony.

The Court concludes the ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony that were supported by substantial evidence.

**D. Step Five**

Plaintiff argues that the ALJ failed to include the following limitation in the hypothetical posed to the vocational expert: likely absences of two or more days per month; needs additional breaks; and likely being off task and unproductive more than twenty percent of the time.  ECF No. 12 at 15.  Defendant argues that Plaintiff improperly restates arguments that the ALJ improperly discounted other evidence.  ECF No. 13 at 13.  Defendant also argues that the ALJ did not make an error in the RFC determination and hypotheticals posed to the vocational expert. ECF No. 13 at 13-14.

Plaintiff's argument rests in part on his assertion that the ALJ should have incorporated Dr. Cowan's opinion as to Plaintiff's functional limitations in the RFC or hypotheticals posed to the vocational expert.  ECF No. 12 at 15.  But as the ALJ did not err in discounting Dr. Cowan's opinion, the ALJ's failure to include

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

the opined limitations in the RFC or posed hypotheticals was not error.  However Plaintiff also argues that the ALJ erred in failing to consider Plaintiff's testimony as to the frequency of treatment.  *Id.*  Plaintiff testified at the hearing that he had to travel to Seattle for treatment related to his diagnosed renal amyloidosis one to two times per month which on average takes eight to ten hours.  Tr. 61.  Plaintiff also noted that he has occasional bone marrow biopsy appointments and has standing mental health appointments twice per week.  Tr. 61-62.

Social Security Ruling 96-8P states that the RFC assessment "must be based on *all* of the relevant evidence in the case record, such as . . . [t]he effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication)."  SSR 96-8P (S.S.A. July 2, 1996).  Frequent medical treatment may be considered a disabling impairment where the frequency is "necessitated by the medical condition" and "substantiated by the evidence."  *Goodman v. Berryhill*, No. C17-5115 BAT, 2017 WL 4265685, at *3 (W.D. Wash. Sept. 25, 2017).  Thus, if the claimant "presented evidence sufficient to establish the possibility that the frequency of [the claimant's] medical appointments may inhibit [the claimant's] ability to work on a 'regular and continuing basis,'" the treatment time must be accounted for in the RFC determination and hypotheticals posed to the vocational expert.  *Bourcier v. Saul*, 856 F. App'x 687, 690-91 (9th Cir. 2021).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

"The ALJ should consider, for example, the need to schedule all appointments during the workweek or workday, the need to miss an entire workday for each appointment, and whether the need for this number of appointments is ongoing." *Id.* at 691.

A review of the records from Fred Hutch Cancer Center ("FHCC") show that Plaintiff had infusion therapy at FHCC in Seattle on average 3.5 times per month between May 2023 and December 2023, and once per month from January 2024 through June 2024. Tr. 598-1301, 1341-1375. And other records indicate that Plaintiff continued receiving maintenance treatment through FHCC after June 2024. Tr. 1598, 1602, 1607. At the hearing before the ALJ, the vocational expert testified there would be no jobs available if "the individual would be absent two or more days per month on an ongoing and unpredictable basis." Tr. 71. Plaintiff's testimony and evidence presented establishes a possibility that the frequency of Plaintiff's medical treatment impedes his ability to work on a regular and continuing basis. The ALJ did not account for the frequency of Plaintiff's medical treatment in the RFC determination or hypotheticals posed to the vocational expert. At the hearing, the ALJ posed the following question to the vocational expert:

> [P]lease assume a hypothetical individual of Mr. Underhill's age and education with the past work as a pilot. Further, please assume the hypothetical individual say for the first one let's say light work as defined in the regulations except the individual cannot climb ladders, ropes or scaffolds. The individual can occasionally climb ramps and stairs, stoop, balance, kneel, crouch and crawl. The individual can

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

tolerate only occasional exposure to vibration, hazards, such as exposed heights and moving mechanical parts, and the atmospheric conditions, such as noxious odors, fumes, dust, most gases and poor ventilation. With those limitations . . . would there be other work available in the national economy?

Tr. 70.

The vocational expert answered that there would be jobs available such as an electrical assembler, merchandize marker, and housekeeper. Tr. 70-71. Adding to the hypothetical, the ALJ then asked if those jobs or any other jobs would be available if "the individual was absent two or more days a month on an ongoing and unpredictable basis." Tr. 71. The vocational expert said no. *Id.* The ALJ did not pose any other hypotheticals including any limitations related to Plaintiff's frequency of treatment. A vocational expert's opinion "has no evidentiary value and cannot support the ALJ's decision" where the posed hypothetical does not reflect all of a claimant's limitations. *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988). Proper consideration of Plaintiff's treatment limitations could have affected the ALJ's RFC determination and vocational expert's testimony. Therefore, the Court concludes the ALJ's failure to make any findings in the RFC determination related to Plaintiff's limitations due to his treatment and failure to pose a hypothetical to the vocational expert incorporating those limitations was reversible error.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

The Court reverses and remands the case for further proceedings.  On remand, the ALJ shall reconsider whether Plaintiff can perform work on a regular and continuing basis based on a hypothetical that incorporates all of Plaintiff's impairments and limitations supported by the record.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is hereby **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **CLOSE** the file.

DATED June 29, 2026.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21